IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 3:12-cr-513-003-JFA |
| v. | |
| TORREAN ANTWON SIMS | **ORDER** |

On November 16, 2012, this court entered an order granting defendant's Motion to Compel and outlining certain procedures by which defendant's counsel, Louis H. Lang, may access and seek material from the defendant's United States Probation Office (USPO) files.[1] *See* ECF No. 864. In particular, the order allowed Mr. Lang to review the defendant's USPO file in person at the offices of the USPO. If upon his review he sought additional information from the defendant's file, Mr. Lang was directed to specify to Chief Probation Officer Dickie Brunson in writing the material sought and the reason(s) therefor. The court would then rule on any such request by Mr. Lang.

Per the court's order, the USPO allowed Mr. Lang to review all of its materials regarding the defendant's period supervised release following a previous incarceration. On December 11, 2012, Mr. Lang delivered a letter to the USPO requesting copies of the following documents from the defendant's USPO file: (1) "chronological entries on and after October 25, 2011"; and (2) "copies of checks and/or check stubs the defendant received from Montego Bay." The USPO then wrote a letter to this court dated December 13, 2012, indicating that although it had no objection to the release of defendant's check stubs, it did object to the release of probation

---

[1] On November 19, 2012, the court clarified its earlier order to note that the Government may also access and seek material from defendant's USPO files. *See* ECF No. 865.

officer chronological entries. This is because the chronological entries contain "confidential contacts with third parties and other local agencies during the defendant's supervision."

At a pretrial conference held on January 14, 2013, the court heard from both the USPO and Mr. Lang regarding this matter. Notably, Mr. Lang indicated that he had no objection to the USPO redacting its confidential contacts from the chronological entries prior to producing copies thereof. Because the court finds that there is no longer an issue as to the confidentiality of the USPO's contacts on its chronological entries, the court hereby orders the following:

(1) that the USPO prepare copies of the materials requested in Mr. Lang's December 11, 2012 letter, redacting any confidential contacts in the chronological entries; and

(2) that the USPO deliver such redacted copies to Mr. Lang and to the Government within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 8, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge