IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA, | CR No. 3:12-cr-513-003-JFA |
|---|---|
| v. | **ORDER** |
| TORREAN ANTWON SIMS | |

On June 21, 2012, a grand jury returned a 134-count indictment (the June 2012 Indictment) charging thirty-eight defendants, including defendant Sims, with various crimes related to a racketeering enterprise operating in and around the Columbia, South Carolina area between 1999 and 2012. The grand jury issued a superseding indictment on November 20, 2012 (the November 2012 Indictment). In both the June and November 2012 Indictments, the defendant is only named in Count 1 and is charged with conspiracy to participate in the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(d) (RICO conspiracy).

This matter is before the court on the motion of the defendant to dismiss the June 2012 Indictment as to him based upon the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. Additionally, in his motion, the defendant requests that the court strike certain allegations contained in the June 2012 Indictment pursuant to FED. R. CRIM. P. 7(d). *See* ECF No. 817. As an initial matter, although the instant motion was filed prior to the November 2012 Indictment and thus is directed to the June 2012 Indictment, the November 2012 Indictment does not appear materially different with respect to defendant Sims. Therefore, the court construes the instant motion as directed to the November 2012 Indictment.

At a hearing held on January 14, 2013, the court orally denied the defendant's motion to dismiss based upon the Double Jeopardy Clause and took under advisement the defendant's motion to strike. This Order shall serve to memorialize the court's reasoning with respect to the

1

defendant's motion to dismiss. Further, for the reasons which follow, the court now grants, in part, and denies, in part, the defendant's motion to strike.

*Motion to Dismiss Based on Double Jeopardy*

In his motion to dismiss based on Double Jeopardy, the defendant argues that the Constitution prohibits the government from prosecuting the November 2012 Indictment because it charges the same crime for which he was prosecuted and sentenced in an earlier indictment. The instant indictment charges the defendant with RICO conspiracy. Previously, however, on October 17, 2007, a grand jury returned an 87-count Superseding Indictment (the 2007 Indictment) charging the defendant and others with conspiracy to possess with intent to distribute 50 grams or more of crack, 5 kilograms or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846 (Count 1). The 2007 Indictment also charged the defendant with several counts of use of a communication facility in furtherance of a drug conspiracy in violation of 21 U.S.C. § 843(b) (Counts 25–28). Finally, the 2007 Indictment charged the defendant with two counts of obstruction of justice in violation of 18 U.S.C. § 1512 (Counts 86–87). On February 27, 2008, the defendant pleaded guilty to Counts 1 and 86, conspiracy to possess with intent to distribute and to distribute a quantity of marijuana and tampering with a witness, respectively.

In general, the defendant contends that the 2007 Indictment and the November 2012 Indictment allege a single conspiracy for which he has already been prosecuted and punished. Quoting the Fourth Circuit's opinion in *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986), the defendant argues that the Double Jeopardy Clause "clearly prohibits the division of a single criminal conspiracy into multiple violations of a conspiracy statute." *Id.* at 1144. The defendant notes that it is possible for "the same conspiracy to be established by different

aggregations of proof," and "[s]trict application of the 'same evidence' test to successive conspiracy charges would therefore permit the government to subject an accused to repeated prosecutions for what is in reality the same criminal conspiracy, simply by selecting a different set of overt acts for each indictment." *United States v. Ragins*, 840 F.2d 1184, 1188 (4th Cir. 1988). In *MacDougall*, the Fourth Circuit adopted one approach for evaluating Double Jeopardy claims in conspiracy cases, a five-factor "totality of the circumstances" test. *See MacDougall*, 790 F.2d at 1144. Focusing on certain similarities between the November 2012 Indictment and the 2007 Indictment, the defendant's Presentence Investigation Report in that case, and the discovery in that case, the defendant argues that he has satisfied the *MacDougall* test and that the court should dismiss the November 2012 Indictment as to him.

The defendant's Double Jeopardy claim is wholly without merit. Importantly, the defendant fails to reference the Fourth Circuit's opinion in *United States v. Arnoldt*, 947 F.2d 1120 (4th Cir. 1991), *cert. denied*, 503 U.S. 983 (1992), which expressly held that successive prosecutions for a RICO offense and its underlying predicate offenses do not violate Double Jeopardy. *Id.* at 1127; *see also United States v. McHan*, 966 F.2d 134, 140 (4th Cir. 1992) ("In the circumstances where a person has been convicted of an offense which also constitutes an element of a factually larger and multilayered offense, we have held that the offenses are not the same and thereby prohibited by the Double Jeopardy Clause." (citing *Arnoldt*)). As the court of appeals explained in *Arnoldt*, prosecutions under statutes such as RICO are different than cases involving a "single course of conduct" because such statutes are targeted "at 'multilayered' instances of criminal conduct invariably occurring at different places and times." *Arnoldt*, 947 F.2d at 1126. Further, "a contrary result would unduly infringe prosecutorial discretion and effectively 'force the Government's hand' with respect to prosecution under RICO." *Id.* at 1127.

3

For example, "[w]ithout ample discretion, the government would be forced to either proceed against a defendant for violations that might later serve as predicate acts and foreclose a RICO prosecution in the future or allow predicate acts to go unpunished in anticipation that at some future time the RICO elements would coalesce." *Id.* Finally, the Fourth Circuit noted that its interpretation was in accord with that of other circuits. *Id.* at 1126–27 (citing *United States v. Pungitore*, 910 F.2d 1084, 1111 (3d Cir. 1990); *United States v. Gonzalez*, 921 F.2d 1530, 1535–39 (11th Cir. 1991)); *see also United States v. Bennett*, 44 F.3d 1364, 1373–75 (8th Cir. 1995) (determining that the totality of the circumstances test does not apply to a case involving a claim that a RICO prosecution violated Double Jeopardy on the basis of a prior drug conspiracy charge and holding that there was no violation of the Double Jeopardy Clause).

It appears that the *MacDougall* "totality of the circumstances" test for evaluating a Double Jeopardy claim applies only where the successive charges involve the same criminal statute. Significantly, *Arnoldt*, which the Fourth Circuit decided after *MacDougall* and *Ragins* and which involved a claim that Double Jeopardy precluded a RICO conviction based on earlier drug-related predicate acts, did not apply the totality of the circumstances test. Further, *McHan* involved a defendant's claims that Double Jeopardy required dismissal of two counts of an indictment, one charging a drug conspiracy in violation of 21 U.S.C. § 846 and one charging continuing criminal enterprise in violation of 21 U.S.C. § 848, because the defendant had previously pleaded guilty to a drug conspiracy in violation of § 846. *McHan*, 966 F.2d at 136–37. Notably, the Fourth Circuit evaluated the defendant's Double Jeopardy claims differently with respect to each count. With respect to the drug conspiracy count, which charged a violation of the same statute that the defendant had earlier pleaded guilty to violating, the court of appeals applied the totality of the circumstances test set forth in *MacDougall* and *Ragins*. *See id.* at 137–

4

39. However, with respect to the count charging a continuing criminal enterprise, for which the earlier drug conspiracy was a predicate act, the court of appeals adopted the "double jeopardy analysis for multilayered conduct" developed in *Arnoldt*. *See id.* at 139–41. Ultimately, the Fourth Circuit concluded that Double Jeopardy did not bar prosecution of either the drug conspiracy count or the continuing criminal enterprise count. *Id.* at 142.

Here, whereas the November 2012 Indictment charges the defendant with RICO conspiracy, 18 U.S.C. § 1962(d), the 2007 Indictment charged the defendant with a drug conspiracy under 21 U.S.C. § 846. Thus, *Arnoldt* is controlling, and the *MacDougall* totality of the circumstances test is not applicable to this case. Based on the above, the defendant's motion to dismiss based on Double Jeopardy is denied.

*Motion to Strike Pursuant to Rule 7(d)*

In the alternative to his motion to dismiss, the defendant requests that this court strike from the November 2012 Indictment paragraphs 1–16, overt act numbers 1–91,[1] and the alias "arsonist." FED. R. CRIM P. 7(d) provides that, "upon a defendant's motion, the court may strike surplusage from the indictment or information." Such a motion "should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006) (quoting *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)) (internal quotation marks omitted).

As noted above, the November 2012 Indictment charges the defendant with RICO conspiracy in violation of 18 U.S.C. § 1962(d). The Fourth Circuit recently addressed the elements needed to prove a RICO conspiracy under this subsection in *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012). In particular, the Fourth Circuit held that, "to satisfy § 1962(d),

---

[1] The defendant's motion actually refers to overt act numbers 1–89, but as noted above this was based on the June 2012 Indictment. The November 2012 Indictment added overt act numbers 90 and 91.

the government must prove that an enterprise affecting interstate commerce existed; 'that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and . . . that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.'" *Id.* at 218 (quoting *United States v. Wilson*, 605 F.3d 985, 1018–19 (D.C. Cir. 2010)) (alteration in original).

First, regarding paragraphs 1–16 of the November 2012 Indictment, the defendant contends that these paragraphs are mostly historical in nature, are not relevant to the offense charged, and contain "loaded words" which are prejudicial to the defendant. *See* ECF No. 817-1, at 14–15. The government responds that these paragraphs discuss the "development of the Bloods Street Gang into a national organization and its spread to the Columbia, South Carolina area from Los Angeles, California." ECF No. 833, at 20. Further, these paragraphs describe "the structure and organization of the Bloods Street Gang." *Id.* The court agrees with the government that establishment of the history, structure, and organization of the gang described in paragraphs 1–16 is relevant to the existence of an enterprise affecting interstate commerce, one element the government must prove. Because the material in these paragraphs is relevant to the charged offense, the defendant's motion to strike these paragraphs is denied.

Next, regarding the overt acts, the defendant correctly points out that "[t]here is no requirement of some overt act or specific act" in § 1962(d). *Salinas v. United States*, 522 U.S. 52, 63 (1997). Accordingly, the defendant argues that overt act numbers 1–91 are not relevant to the charge and are highly prejudicial to him. The court disagrees. Another element of a RICO conspiracy the government must prove is "that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts."

6

*Mouzone*, 687 F.3d at 218 (citation omitted). Overt act numbers 1–91 constitute evidence of racketeering activity. Thus, they are relevant to whether the defendant agreed that he or some other member of the alleged conspiracy would commit a pattern of racketeering activity. For these reasons, the defendant's motion to strike the overt acts in the November 2012 Indictment is also denied.

Finally, the November 2012 Indictment identifies "arsonist" as an alias used by the defendant.[2] The government points out that as long as use of an alias "is necessary to identify a defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible." *United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir. 1976) (citations omitted). At this point in the proceedings, however, it is not clear that the alias "arsonist" is necessary for identification or related to the acts charged. For example, counsel for the defendant avers that he has reviewed the intercepted calls which the government has produced in discovery, the line sheets of which comprise more than 3,000 pages. Counsel indicates that only eight telephone calls refer to the defendant as "arsonist," and in only one of these is the defendant a participant in the call.

Therefore, the court hereby grants the defendant's motion to strike the alias "arsonist" from the November 2012 Indictment. However, it does so without prejudice to the government's ability to move to use this alias at trial if it appears it is necessary for identification or some other relevant purpose.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

April 5, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] The indictment also identifies "slim" as an alias used by the defendant, but this alias is not part of the defendant's motion to strike.